FILED'06 OCT 27 13:30USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB BARRETT,                                              CV. 06-224-JE

        Plaintiff,                                       ORDER

    v.

BRIAN BELLEQUE, et al.,

        Defendants.

BROWN, District Judge.

    Plaintiff, an inmate at the Oregon State Penitentiary ("OSP"), brings this civil rights action challenging defendants' confiscation of a piece of outgoing mail. Currently before the court is plaintiff's Motion for a Preliminary Injunction. For the reasons set forth below, plaintiff's Motion (#10) is DENIED.

## BACKGROUND

### I. Underlying Claim and Relief Sought

    Plaintiff brought this action complaining that defendants violated his First and Fourteenth Amendment rights when they refused to send, and later confiscated, a letter he had written to

1 - ORDER

a friend because it contained racially charged "inflammatory material." See Complaint (#2), p. 3. Plaintiff seeks a declaratory judgment stating that defendants' actions violated his rights under the First and Fourteenth Amendments of the United States Constitution, an injunctive order directing defendants to return the subject letter to plaintiff to resend if he so chooses, and compensatory and punitive damages. Id. at 9-10.

## I. Pending Motion for Preliminary Injunction

As noted above, in his Complaint, plaintiff seeks narrow relief related only to defendants' censoring of a single piece of mail. In contrast, in his Motion for a Preliminary Injunction, he seeks broad, general injunctive relief related to the manner in which defendants process all outgoing prison mail. This request far exceeds the scope of plaintiff's underlying claim and the remedies sought in his Complaint. Specifically, plaintiff asks the court to issue a preliminary injunction prohibiting defendants from censoring, seizing, withholding or delaying any outgoing mail addressed to a third party that contains "(1) inflammatory political, racial, religious or other views; (2) [d]efamatory matter; (3) material that criticizes prison conditions or personnel or offends them in some way; (4) [d]isplay political symbols, religious symbols; [or] (5) [display p]olitical slogans or religious slogans[.]" Plaintiff's Motion for Preliminary Injunction (#10), p. 1.

2 - ORDER

## STANDARDS

A preliminary injunction is appropriate if the plaintiff demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) the existence of serious questions going to the merits and the balance of hardship tips sharply in the plaintiff's favor. <u>Sony Computer Entertainment Am., Inc. v. Bleem, LLC</u>, 214 F.3d 1022, 1025 (9th Cir. 2000); <u>Prudential Real Estate Affiliates v. PPR Realty, Inc.</u>, 204 F.3d 867, 874 (9th Cir. 2000). Requests for mandatory injunctions, seeking relief beyond the status quo, are disfavored and will not be granted unless the facts and law clearly favor the moving party. <u>Stanley v. Univ. of S. Cal.</u>, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

## DISCUSSION

Plaintiff's Motion for injunctive relief fails for several reasons. First, there is a vast discrepancy between the relief plaintiff seeks in his Complaint and in his Motion for a Preliminary Injunction. Ordinarily the court would evaluate a plaintiff's probable success on the merits in assessing the appropriateness of granting injunctive relief. However, the relief sought in a motion for a preliminary injunction is ordinarily closely related to that sought in a plaintiff's complaint. Here, even if plaintiff prevailed on the merits of his underlying claim regarding an individual piece of censored mail, he would not be

entitled to the relief he seeks in the present Motion, which is a systemwide change of the Oregon Department of Corrections' ("ODOC") treatment of outgoing mail.

Furthermore, even if plaintiff sought similar relief in his Complaint and the pending Motion, it is highly unlikely that a court would grant the relief as requested because it is clearly overbroad. As defendants correctly note in their response to plaintiff's Motion for a Preliminary Injunction, if the court granted plaintiff's Motion, defendants would be prohibited from censoring <u>any</u> mail containing inflammatory political, racial, religious or other views, even if such mail also included threats to members of the public, conducted criminal activity from prison, or even contained escape plans. Defendants' Response to Plaintiff's Motion for Preliminary Injunction (#31), p. 4. Accordingly, the method of handling outgoing mail sought in plaintiff's Motion for injunctive relief, is clearly unworkable, and the likelihood of plaintiff ultimately prevailing on the merits of any claim seeking such relief is extremely small.

Plaintiff relies on <u>Procunier v. Martinez</u>, 416 U.S. 396, 413 (1974) to support his contention that defendants cannot censor outgoing mail on the basis that it contains "inflammatory political, racial, religious or other views." Plaintiff's Motion for Preliminary Injunction (#10), p. 2-3.

This reliance is misplaced. The <u>Martinez</u> Court held that "any regulation or practice that restricts inmate correspondence must be

4 - ORDER

generally necessary to protect one or more of the legitimate governmental interests [of security, order and rehabilitation]." Martinez, 416 U.S. at 413-14. Under that standard of review, the Court held that a regulation defining as contraband "[a]ny writings . . . expressing inflammatory political, racial, religious or other views or beliefs," violated inmates' constitutional rights because it was overbroad and gave prison officials and employees too much discretion. Id. at 400, 416. However, nothing in that decision states, implies or suggests that there are no circumstances under which prison officials and employees can lawfully restrict outgoing inmate correspondence containing such material. See id. at 416. The Martinez Court noted that the defendant's revised regulations cured the constitutional defect in the regulations it condemned. Id. Hence, the decision on which plaintiff relies does not support the broad proscription on regulation of outgoing prisoner correspondence plaintiff seeks in the present Motion.

The record now before the court supports only the conclusion that defendants' current policy for outgoing inmate mail complies with the requirements of Martinez. Defendants have submitted the affidavit of Randy Geer, ODOC Emergency Response/Central Mail Administrator. Geer states that prison mail is processed in accordance with Oregon Department of Corrections ("ODOC") administrative rules OAR 291-131-0005 through 291-131-0050. Defendants' Response to Plaintiff's Motion for Preliminary Injunction (#31), Exhibit 101, pp. 1-2. Those rules prohibit mail

5 - ORDER

that "threatens or is detrimental to the security, safety, health, good order or discipline of the facility, inmate rehabilitation, or facilitates criminal activity." OAR 291-131-0035(2) Examples of such mail include mail that contains "inflammatory material." Id. at (j).

According to Geer, most outgoing mail containing inflammatory language is eventually processed and sent to the intended recipient.[1] Defendants' Response to Plaintiff's Motion for Preliminary Injunction (#31), Exhibit 101, p. 4. However, recognizing that outgoing mail may: (1) include plans for future criminal activity or discussion of past criminal acts; (2) include information that illuminates the workings of criminal networks; (3) facilitate contact with persons who are not in the inmate's rehabilitative interest; (4) facilitate contact with persons who the inmate is forbidden from contacting in the interests of justice; and (5) be used by various security threat groups within the prison to further criminal objectives (whether the mail is sent directly from inmate to inmate or sent to affiliates in the community), defendants reserve the option not to process mail invoking such concerns. Id. at pp. 2-3.

---

[1] Geer states that before processing and dispatch, such mail is noted and copied to document the inmate writer's noncompliance with his incarceration plan. Defendants' Response to Plaintiff's Motion for Preliminary Injunction (#31), Exhibit 101, p. 4.

6 - ORDER

Geer's affidavit further states that ODOC recognizes that outgoing mail containing inflammatory language might be of concern when its use by the inmate writer is directed at another inmate, either directly via inmate-to-inmate communication or through a third party. Accordingly, ODOC does not knowingly process such mail. Moreover, ODOC has identified inflammatory language in any outgoing mail as a potential indicator that the inmate writer continues to engage in antisocial thinking and criminal ideation. Id. at pp. 3-4. Therefore, when ODOC knows that the intended recipient of such mail is part of a criminal organization and the inflammatory language is being used by the inmate writer to validate his credentials as a "fellow traveler," ODOC does not process the mail unless it is necessary for a criminal investigation. Id. at 4.

Plaintiff has submitted no evidence refuting Geer's description of defendants' policy for screening outgoing inmate correspondence. Accordingly, the only evidence before the court supports the conclusion that defendants' regulations and practices in restricting outgoing prisoner mail are sufficiently linked to the legitimate government interests of security, order, and rehabilitation. Under these circumstances, even if the relief plaintiff sought in his present Motion was consistent with the relief sought in his Complaint, plaintiff has failed to either demonstrate that he will likely succeed on the merits or to raise

7 - ORDER

serious questions on the merits. Plaintiff's Motion for a Preliminary Injunction is therefore denied.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction (#10) is DENIED.

IT IS SO ORDERED.

DATED this 26th day of October, 2006.

_____
Anna J. Brown
United States District Judge

8 - ORDER